## Wolfe v. Wolfe

*Daniel E. Teeter*, for plaintiff.

MACPHAIL, P. J., March 1, 1968.—In plaintiff's complaint in this action of divorce, it is alleged that a prior action in divorce was instituted in the Court of Common Pleas of York County, Pa., to August term 1962, no. 165, wherein defendant in this action was seeking a divorce from plaintiff in this action. It is further alleged that there were no proceedings after the complaint was filed and served.

In the notes of testimony before the master in the present action, plaintiff testified that her husband had instituted a divorce action against her in 1962. Plaintiff's attorney then exhibited to the master a certified copy of a complaint which was identified by plaintiff as a "paper" served upon her by a deputy

sheriff. Plaintiff's attorney then stated to the master: "I would respectfully submit that a check-up with the Prothonotary's office, which I made, would show that nothing was done about it and I might say it's a matter, perhaps of judicial notice, and not too long after this Mr. Frey (plaintiff's lawyer in the York County action) became very ill and has since died, he being the lawyer in Hanover. I make that by mere reference to this prior divorce action". Nothing further appears in the record concerning the York County action.

In 1956, Pennsylvania Rule of Civil Procedure 1126 was amended by adding subsection (8), which requires plaintiff in a divorce action to state whether or not any prior action of divorce or annulment had ever been instituted by either party. The reasons for the rule were outlined by Professor Amram in 27 Pennsylvania Bar Association Quarterly 356, (June 1956). In interpreting this rule, the Cumberland County court, in Paul v. Paul, 9 Cumb. 27 (1958), held that full details concerning the prior action should not only be set forth in the pleading but also in the testimony. In Smiley v. Smiley, 11 Cumb. 98 (1960), the same court held that proof of such an allegation must be by the "best evidence" and that in the light of several appellate cases cited in the opinion, "the subject matter of any proceeding in court must be by a properly authenticated copy of the record". Accordingly, the court held that parol testimony of plaintiff would be insufficient proof of the allegation.

We agree with the sound reasoning in the Paul and Smiley cases. In the case now before us, it is not only plaintiff but plaintiff's counsel who has attempted to testify concerning the proof of the allegation. Neither the testimony of plaintiff nor the statement of counsel is acceptable as proof of a proceeding in another court. We must insist upon compliance with the best evi-

dence rule. Since it is obvious that such proof is readily available, we will return the matter to the master so that plaintiff may be afforded an opportunity to present this proof.

ORDER OF COURT

And now, March 1, 1968, for the reason given, the above matter is resubmitted to the master for further proceedings consistent with the foregoing opinion.